BARRETT, J.
— We need not consider the point upon which the complaint was dismissed, nor the reasons given by the learned judge for the -dismissal. It was properly dismissed, if, for any reason the plaintiff had no legal claim against the defendant. Row, assuming that the contract relation between the parties was unaffected by the formation of the Rew York company, or by the position in that company which the plaintiff took, still that contract relation terminated by what transpired when the plaintiff finally retired. At that time he not only resigned from the Rew York company, but completely severed his connection with the defendant’s business. He did not resign with a reservation, did not even suggest a Continuing contract with the defendant, and never again offered his services. On the contrary, although his resignation occurred on the 18th of February, he accepted his salary for the current month, namely, until the 1st of March, and then, without a word of complaint or objection, turned over to his successor the keys of the store, and the books of account and papers in his possession. It is quite immaterial how the resignation was brought about. The defendant requested it, and the plaintiff gave it Possibly—probably, even — a refusal to resign would have been followed by a dismissal, but still there was no compulsion. There was a strong intimation of what was impending, but there was in fact no dismissal and no breach. The contract was canceled by mutual consent, and that is necessarily the end of plaintiff’s case.
The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs.
All concur.